**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:26-CR-34-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**MICHAEL STUART** **DEFENDANT**

* * * * *

1. Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the Defendant, Michael Stuart, will enter a guilty plea to Count Thirty-Nine of the Indictment, which charges stealing, unlawfully taking, and carrying away firearms from the premises of a person who was licensed to engage in the business of importing, manufacturing, and dealing in firearms, in violation of 18 U.S.C. § 922(u). The Defendant also agrees that all victims of his relevant conduct shall be considered victims under the Crime Victims' Rights Act and are entitled to restitution under 18 U.S.C. §§ 3663 and 3663A, regardless of the particular count of conviction. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the Counts One through Thirty-Eight, Count Forty, and Count Forty-One. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of 18 U.S.C. § 922(u) are as follows:

(a) The Defendant stole, took, or unlawfully carried away firearms from the person or premises of a licensed firearms dealer, importer, or manufacturer;

(b) The firearms were in the licensee's business inventory;

(c) The firearms had been shipped and transported in interstate commerce; and

(d) The Defendant did so knowingly.

3. As to Count Thirty-Nine, the United States could prove the following facts, among others, that establish the essential elements of offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Robinette's Gun & Archery (Robinette's) is a Federal Firearms Licensee in Pike County, in the Eastern District of Kentucky. The Defendant was an employee of Robinette's. Between September 16, 2023, and April of 2025, the Defendant knowingly and systematically took firearms (including some silencers) from the business inventory of Robinette's without permission of the owners. The Defendant used different ways and means to accomplish this. On some occasions, the Defendant would complete forms using the names of third parties purporting that the firearm had been distributed to others when, in fact, that firearm had been taken by the Defendant without payment. On some occasions, the Defendant would complete forms indicating that the firearms had been sold to him, but the Defendant did not actually pay for them. On other occasions, the Defendant would place the firearms on layaway and then remove them without paying for them.

(b) On April 18, 2025, law enforcement conducted a search of the Defendant's residence. During the search, law enforcement located several firearms that the Defendant had taken from Robinette's without permission and without paying for them. Not all of the firearms that the Defendant had taken from Robinette's remained at the Defendant's residence. The Defendant had also sold some of the firearms that he had taken from Robinette's to third parties and had kept the proceeds from the transaction for himself.

(c) One of the firearms taken by the Defendant was a Battle Arms Development, Model Workhorse, multi-caliber rifle with serial number

WP16886. This firearm was in the business inventory of Robinette's in Pike County, Kentucky. This firearm was not manufactured in Kentucky and, as a result, its presence in Kentucky demonstrates that it traveled in an affected interstate commerce. On or about June 10, 2024, while the firearm was still in the business inventory of Robinette's, the Defendant knowingly took and unlawfully carried away this firearm from Robinette's. The Defendant did not have permission to take this firearm and did not pay for it. The Defendant ultimately distributed this firearm to a third party. The Defendant admitted that he had done this during an interview with the ATF on April 18, 2025.

4. The statutory punishment for the offense is not more than 10 years of imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised release. Restitution to the victims of the Defendant's relevant conduct is mandatory pursuant to 18 U.S.C. §§ 3663 and 3663A, and the amount will be determined by the Court. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) The latest version of the United States Sentencing Guidelines ("U.S.S.G.") Manual that is in effect at the time of sentencing shall be used to determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 2K2.1(a)(5), the Defendant's base offense level is 18 because the offense involved a firearm described in 26 U.S.C. § 5845(a) (that is, a silencer).

(c) Pursuant to U.S.S.G. § 2K2.1(b)(1)(C), increase the offense level by 6 levels because the offense involved between 25 and 99 firearms

(d) Pursuant to U.S.S.G. § 3E1.1, unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant consents to and acknowledges the administrative forfeiture to the United States, of all right, title, and interest in the property seized during this investigation or a related investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty. The Defendant agrees to take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to

executing any documents necessary for the surrender and transfer of title to the United States, including but not limited to the ATF Form 3400.1 attached as an addendum to this agreement. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant understands and agrees that the forfeiture of the seized property has been or will be completed administratively, that the seized property will not be pursued judicially as part of this action, and that he can assert no further right, title, or interest in the property. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to pay restitution in an amount not more than $41,522.51 to the victim(s) as ordered at sentencing, including but not limited to, Robinette's Gun & Archery, Lora Compton, and/or Marcum Compton (collectively, the "FFL"), pursuant to 18 U.S.C. § 3663(a)(3). The Defendant's restitution amount shall be reduced by the value

of any firearms returned to the FFL; provided however, that the Defendant shall owe restitution to any subsequent purchaser of a firearm that is returned to the FFL. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the

Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of

financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is

voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date 7/20/26 By: ______________________
Andrew H. Trimble
Assistant United States Attorney

Date: 7/19/26 ______________________
Michael Stuart
Defendant

Date: 7/19/26 ______________________
Patrick E. O'Neill
Attorney for Defendant