UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CR-34-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL STUART, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 21 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Michael Stuart's guilty plea and adjudge him guilty of Count Thirty-Nine of the Indictment (DE 1). *See* DE 22 (Recommendation); *see also* DE 24 (Plea Agreement). Judge Ingram expressly informed Stuart of his right to object to the recommendation and secure de novo review from the undersigned. *See* DE 22 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in [her] objections to the magistrate [judge]'s report and recommendation . . . [s]he has forfeited [her] right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 22, **ACCEPTS** Stuart's guilty plea, and **ADJUDGES** Stuart guilty of Count Thirty-Nine of the Indictment;

2. Further, and although Judge Ingram's recommendation (DE 22 at 2) included forfeiture, the Court views the United States as only pursuing administrative forfeiture, per the terms of Defendant's plea agreement (DE 24 ¶ 11) (including "seized property will not be pursued judicially as part of this action"). If the United States seeks a preliminary order of forfeiture, it must file a motion to that effect within ten (10) days, substantiating the request; and

3. The Court will issue a separate sentencing order.[1]

This the 27th day of July, 2026.



**Signed By:**

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Ingram released Stuart on the conditions specified in DE 12. *See* DE 21. This was Stuart's status pre-trial. *See* DE 9. Absent an intervening order, Stuart will remain on release under the stated conditions pending sentencing.