**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:26-CR-34-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **SENTENCING MEMORANDUM**

**MICHAEL STUART** **DEFENDANT**

* * * * *

Pursuant to the directives of the Court's Sentencing Order [R. 26], the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR"), and to provide required victim and restitution related notice.

Stuart raised what the PSR Addendum characterized as four objections. Objections 1 and 2 are factual objections to aspects of PSR Paragraphs 8, 11, and 9. Objection 3 relates to the two-level enhancement assessed to Stuart for obstruction of justice under U.S.S.G. § 3C1.1, because he falsified ATF 4473 Forms. Objection 4 relates to the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A), because the firearms were stolen.

The United States does not oppose Objection 3. The United States understands why the USPO assessed the enhancement. The falsification of ATF 4473s can, in some types of crime and in some cases, be reasonably done to throw the ATF off the scent about certain facts of the buyer. However, the United States does not believe that in this case and under these circumstances it can be shown by preponderance of the evidence that the forging of

the ATF 4473s by Stuart, "was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1, Application Note 1. As a result, the United States does not oppose Stuart's objection to this two-level enhancement.

The United States has conferred with defense counsel, who has advised that he has conferred with Stuart about the remaining objections. It is the understanding of the United States that Stuart intends to withdraw his remaining objections. As a result, the United States does not believe that Objections 1, 2, or 4 will remain pending or contested at the time of sentencing. Defense counsel is aware of and agreeable to the United States notifying the Court of this status.

The United States anticipates that Marcum and Lora Compton of Robinette's Gun and Archery (the FFL from which Stuart stole the firearms) will appear as victims at the sentencing hearing and seek to make a statement to the Court. The undersigned has spoken directly with four of the five other individuals named in Paragraph 60 and has left a message with the fifth, advising them all about the hearing. These individuals suffered loss when they turned over firearms that Stuart had stolen from Robinette's and then resold. At this time, the United States does not anticipate that any of these individuals intend to attend the hearing or to attempt to address the Court. The anticipated restitution request is set forth in PSR Paragraph 60, and the United States does not believe that it is in dispute between the parties.

This pleading is an attempt to comply with the Court's sentencing order. [R. 26]. Admittedly, the undersigned does not often have victim and restitution cases before this

Court. To the extent further compliance is required or desired, the United States is willing to provide supplemental information prior to or during the sentencing hearing. The United States further anticipates that the ATF case agent will be present at the sentencing to assist the undersigned in answering any additional questions that the Court may have.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: s/ *Andrew H. Trimble* .
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 330-4838
Andrew.Trimble@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2026, the foregoing was electronically filed through the CM/ECF system.

s/ *Andrew H. Trimble*
Assistant United States Attorney